1

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 10, 2021

SEAN F. McAVOY, CLERK

2

3

# UNITED STATES DISTRICT COURT

4

# EASTERN DISTRICT OF WASHINGTON

5

| | |
|---|---|
| RHONDA E.,[1] | No. 1:20-cv-03183-MKD |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[2] | |
| | ECF Nos. 16, 18 |
| Defendant. | |

11   Before the Court are the parties' cross-motions for summary judgment.  ECF

12 Nos. 16, 18.  The parties consented to proceed before a magistrate judge.  ECF No.

13 _____

14 [1] To protect the privacy of plaintiffs in social security cases, the undersigned

15 identifies them by only their first names and the initial of their last names.  *See*

16 LCivR 5.2(c).

17 [2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9,

18 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo

19 Kijakazi is substituted for Andrew M. Saul as the defendant in this suit.  No further

20 action need be taken to continue this suit.  *See* 42 U.S.C. § 405(g).

ORDER - 1

6.  The Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below, the Court denies Plaintiff's motion, ECF No. 16, and grants Defendant's motion, ECF No. 18.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152,

ORDER - 2

1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

rational interpretation, [the court] must uphold the ALJ's findings if they are

supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an

ALJ's decision on account of an error that is harmless." *Id.*  An error is harmless

"where it is inconsequential to the [ALJ's] ultimate nondisability determination."

*Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's

decision generally bears the burden of establishing that it was harmed.  *Shinseki v.*

*Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within

the meaning of the Social Security Act.  First, the claimant must be "unable to

engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than twelve

months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's

impairment must be "of such severity that he is not only unable to do his previous

work[,] but cannot, considering his age, education, and work experience, engage in

any other kind of substantial gainful work which exists in the national economy."

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

ORDER - 3

1     The Commissioner has established a five-step sequential analysis to

2 determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§

3 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner

4 considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i),

5 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

6 Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

7 404.1520(b), 416.920(b).

8     If the claimant is not engaged in substantial gainful activity, the analysis

9 proceeds to step two.  At this step, the Commissioner considers the severity of the

10 claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the

11 claimant suffers from "any impairment or combination of impairments which

12 significantly limits [his or her] physical or mental ability to do basic work

13 activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c),

14 416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

15 however, the Commissioner must find that the claimant is not disabled.  *Id.*

16     At step three, the Commissioner compares the claimant's impairment to

17 severe impairments recognized by the Commissioner to be so severe as to preclude

18 a person from engaging in substantial gainful activity.  20 C.F.R. §§

19 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more

20

ORDER - 4

severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age,

ORDER - 5

1  education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

2  416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

3  Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

4  404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other

5  work, analysis concludes with a finding that the claimant is disabled and is

6  therefore entitled to benefits.  *Id.*

7          The claimant bears the burden of proof at steps one through four above.

8  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

9  step five, the burden shifts to the Commissioner to establish that 1) the claimant is

10  capable of performing other work; and 2) such work "exists in significant numbers

11  in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v.*

12  *Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

13                              **ALJ'S FINDINGS**

14          On November 8, 2017, Plaintiff applied for Title II disability insurance

15  benefits, and on March 22, 2018, filed an application for Title XVI supplemental

16  security income benefits; Plaintiff alleged a disability onset date of September 1,

17

18

19

20

2017 in both applications.[3]  Tr. 16, 85-86, 245-53, 255-63.  The applications were denied initially and on reconsideration.  Tr. 157-65, 169-82. Plaintiff appeared before an administrative law judge (ALJ) on February 27, 2020.  Tr. 37-66.  On March 11, 2020, the ALJ denied Plaintiff's claim.  Tr. 13-34.

At step one of the sequential evaluation process, the ALJ found Plaintiff, who met the insured status requirements through December 31, 2022, has not engaged in substantial gainful activity since September 1, 2017.  Tr. 19.  At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar and cervical spine, carpal tunnel syndrome (CTS), fibromyalgia, affective disorder, and anxiety.  *Id.*

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  *Id.*  The ALJ then concluded that Plaintiff has the RFC to perform light work with the following limitations:

> [Plaintiff] must avoid concentrated exposure to temperature extremes
> and pulmonary irritants.  She can frequently handle and finger.  She
> can follow simple one- to three-step instructions.  She can have
> superficial interactions with others.

---

[3] Plaintiff previously applied for Social Security Disability benefits on September 4, 2009; the application resulted in a November 9, 2011 dismissal, which was not appealed.  Tr. 74, 77.

ORDER - 7

Tr. 21.

At step four, the ALJ found Plaintiff is unable to perform any of her past relevant work.  Tr. 27.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as, marker, production assembler, and cleaner, housekeeper.  Tr. 28.  Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of September 1, 2017, through the date of the decision.  Tr. 29.

On September 1, 2020, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issues for review:

1.  Whether the ALJ properly evaluated Plaintiff's symptom claims; and

2.  Whether the ALJ properly evaluated the medical opinion evidence.

ECF No. 16 at 2.

ORDER - 8

**DISCUSSION**

**A. Plaintiff's Symptom Claims**

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting her symptom claims. ECF No. 16 at 9-14. An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16–3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted). "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Thomas v.*

ORDER - 9

1  *Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently

2  explain why it discounted claimant's symptom claims)).  "The clear and

3  convincing [evidence] standard is the most demanding required in Social Security

4  cases."  *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v.*

5  *Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

6        Factors to be considered in evaluating the intensity, persistence, and limiting

7  effects of a claimant's symptoms include: 1) daily activities; 2) the location,

8  duration, frequency, and intensity of pain or other symptoms; 3) factors that

9  precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

10  side effects of any medication an individual takes or has taken to alleviate pain or

11  other symptoms; 5) treatment, other than medication, an individual receives or has

12  received for relief of pain or other symptoms; 6) any measures other than treatment

13  an individual uses or has used to relieve pain or other symptoms; and 7) any other

14  factors concerning an individual's functional limitations and restrictions due to

15  pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §§

16  404.1529(c), 416.929(c).  The ALJ is instructed to "consider all of the evidence in

17  an individual's record," to "determine how symptoms limit ability to perform

18  work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

19        The ALJ found that Plaintiff's medically determinable impairments could

20  reasonably be expected to cause the alleged symptoms, but that Plaintiff's

ORDER - 10

1  statements concerning the intensity, persistence, and limiting effects of her

2  symptoms were not entirely consistent with the evidence.  Tr. 22.

3  *1.  Objective Medical Evidence*

4  The ALJ found Plaintiff's symptom complaints were inconsistent with the

5  objective medical evidence.  Tr. 22-24.  An ALJ may not discredit a claimant's

6  symptom testimony and deny benefits solely because the degree of the symptoms

7  alleged is not supported by objective medical evidence.  *Rollins v. Massanari*, 261

8  F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir.

9  1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch v. Barnhart*, 400

10  F.3d 676, 680 (9th Cir. 2005).  However, the objective medical evidence is a

11  relevant factor, along with the medical source's information about the claimant's

12  pain or other symptoms, in determining the severity of a claimant's symptoms and

13  their disabling effects.  *Rollins*, 261 F.3d at 857; 20 C.F.R. §§ 404.1529(c)(2),

14  416.929(c)(2).  Mental status examinations are objective measures of an

15  individual's mental health.  *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

16  First, the ALJ found Plaintiff's allegations of disabling physical limitations

17  were inconsistent with the objective evidence.  Tr. 23.  While Plaintiff had some

18  abnormalities on examination, including tenderness of the neck and back, a

19  positive straight leg raise test, and positive fibromyalgia tender points, Plaintiff

20  also had normal range of motion, sensation, strength, sensation, and gait at

ORDER - 11

multiple examinations. *Id.* (citing, e.g., Tr. 407, 414, 421, 446-47, 458, 682, 691, 718). Plaintiff had negative straight leg raise tests and negative Romberg's at two examinations. Tr. 447, 488, 518, 682. Regarding her carpal tunnel syndrome, Plaintiff had some abnormal examination findings prior to her surgery, as well as several normal findings including negative Hoffman's and Tinel's, and normal sensation and full strength, Tr. 23 (citing Tr. 446-47, 458), and after her surgery, Plaintiff had marked improvement, including acceptable range of motion, Tr. 23 (citing Tr. 576-77, 580, 585, 587). While Plaintiff complained of ongoing pain, the ALJ noted Plaintiff did not report pain at many appointments and did not take any medication for her pain for approximately one year. Tr. 23, 766-67, 772. As discussed further *infra*, Ms. Gindt noted Plaintiff was not receiving any treatment for her pain at the time Ms. Gindt rendered her opinion. Tr. 619.

Second, the ALJ found Plaintiff's allegations of disabling mental health symptoms were inconsistent with the objective evidence. Tr. 24. Plaintiff generally had normal mental status examinations, in which she was noted as cooperative, pleasant, well-groomed, alert and oriented, with normal mood, affect, speech, judgment/insight, attention, concentration, memory, and fund of knowledge. *Id.*, 371, 407, 421, 455-56, 557, 560, 564. Plaintiff's screens for depression were generally negative or mild. Tr. 24 (citing Tr. 677, 767, 779). Although there are some abnormalities, such as Plaintiff's mood/affect being

described as angry, anxious, agitated, and depressed, she had normal speech, thoughts, insight, judgment, attention, and concentration even when her mood/affect were abnormal.  Tr. 536, 454-55.

Plaintiff offers an alternative interpretation of the evidence and argues the objective evidence is consistent with her symptom claims.  ECF No. 16 at 12. However, the Court must consider the ALJ's decision in the context of "the entire record as a whole," and if the "evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld."  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (internal quotation marks omitted).  The ALJ's finding that Plaintiff's symptom claims were inconsistent with the objective evidence is supported by substantial evidence.  This was a clear and convincing reason, along with the other reasons offered, to discount Plaintiff's symptom complaints.

### 2.  *Improvement with Treatment*

The ALJ found Plaintiff's symptom allegations were inconsistent with her improvement with treatment.  Tr. 23-24.  The effectiveness of treatment is a relevant factor in determining the severity of a claimant's symptoms.  20 C.F.R. §§ 404.1529(c)(3), 416.913(c)(3); *see Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir.

2008) (a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations).

Regarding Plaintiff's physical impairments, the ALJ noted that Plaintiff had improvement in her pain, numbness, and tingling symptoms with treatment. Tr. 23. Plaintiff reported ongoing pain after her carpal tunnel surgery, but she reported resolution of her numbness and tingling. Tr. 23 (citing Tr. 713-714, 779). Plaintiff indicated good pain control with only one hydrocodone tablet per day and told providers she was happy with the postsurgical outcome. Tr. 23 (citing Tr. 592, 779). Providers noted Plaintiff was doing well with marked improvement and acceptable range of motion. Tr. 23 (citing Tr. 576-577, 580, 585, 587, 697-700).

The ALJ also found Plaintiff had improvement in her mental health symptoms with treatment. Tr. 24. Plaintiff reported improvement with counseling, support groups, and medication. *Id.* (citing Tr. 759, 767, 779). Plaintiff reported that her "lows" were not as severe, and she was able to work through issues with her family. Tr. 24 (citing Tr. 739, 759). Counseling notes also indicate Plaintiff was not on mental health medications for over a year, which the ALJ found indicates she was able to manage her symptoms with counseling alone. Tr. 24 (citing, e.g., Tr. 726, 730, 732, 734, 767).

Plaintiff argues the ALJ erred because she had ongoing symptoms related to her carpal tunnel syndrome, despite surgery, but does not challenge the remainder

ORDER - 14

1 of the ALJ's assessment that Plaintiff had improvement with treatment.  ECF No.

2 16 at 10-11.  On this record, the ALJ reasonably found Plaintiff's impairments,

3 when treated, were not as severe as Plaintiff alleged.  This was a clear and

4 convincing reason, supported by substantial evidence, to reject Plaintiff's symptom

5 claims.

6   *3.  Situational Stressors*

7   The ALJ found a situational component to Plaintiff's mental health

8 symptoms.  Tr. 24.  An ALJ may reasonably find a claimant's symptom testimony

9 less credible where the evidence "squarely support[s]" a finding that the claimant's

10 impairments are attributable to situational stressors rather than impairments.

11 *Wright v. Colvin*, No. 13-CV-3068-TOR, 2014 WL 3729142, at *5 (E.D. Wash.

12 July 25, 2014) ("Plaintiff testified that she would likely be able to maintain full-

13 time employment but for the 'overwhelming' stress caused by caring for her family

14 members").  However, "because mental health conditions may presumably cause

15 strained personal relations or other life stressors, the Court is not inclined to opine

16 that one has caused the other based only on the fact that they occur

17 simultaneously."  *Brendan J. G. v. Comm'r, Soc. Sec. Admin.,* No. 6:17-CV-742-

18 SI, 2018 WL 3090200, at *7 (D. Or. June 20, 2018) (emphasis in original).

19   The ALJ identified Plaintiff's family dynamic, loss, financial constraints,

20 and housing instability as situational stressors. Tr. 24 (citing Tr. 722, 727, 743,

ORDER - 15

751, 753, 761, 767).  However, Plaintiff's situational stressors are not clearly

separable from Plaintiff's mental impairments.  Unlike prior cases in this district,

where the record clearly contained evidence that the claimant would have been

capable of working but for the presence of a specific situational stressor, here

Plaintiff's impairments and situational stressors are more complex and intertwined.

*See Wright*, 2014 WL 3729142, at *5.   Any error is harmless because the ALJ

identified other clear and convincing reasons to discount Plaintiff's symptom

claims.  *See Molina*, 674 F.3d at 1115.

### 4. Activities of Daily Living

The ALJ found Plaintiff's symptom claims were inconsistent with her

activities of daily living.  Tr. 25.  The ALJ may consider a claimant's activities that

undermine reported symptoms.  *Rollins*, 261 F.3d at 857.  If a claimant can spend a

substantial part of the day engaged in pursuits involving the performance of

exertional or non-exertional functions, the ALJ may find these activities

inconsistent with the reported disabling symptoms.  *Fair*, 885 F.2d at 603; *Molina*,

674 F.3d at 1113.  "While a claimant need not vegetate in a dark room in order to

be eligible for benefits, the ALJ may discount a claimant's symptom claims when

the claimant reports participation in everyday activities indicating capacities that

are transferable to a work setting" or when activities "contradict claims of a totally

debilitating impairment."  *Molina*, 674 F.3d at 1112-13.

While Plaintiff reported to the consultative examiner that she has difficulties with daily tasks, the ALJ noted Plaintiff reported at other appointments that she was able to bathe, dress herself, prepare food, read, watch television, work on a computer, care for a dog, help her sister with housework, and go places, including shopping.  Tr. 25 (citing Tr. 444, 455, 776).  In 2018 and 2019, Plaintiff was noted as unemployed and looking for work.  Tr. 770, 776, 779.  Plaintiff is able to drive, and reported she had been busy, went camping, and reported working in May 2019.  Tr. 25 (Tr. 443-44, 732, 744-45, 757).  Plaintiff reported attending church, visiting a friend once per week, and attending a graduation.  Tr. 455.  Plaintiff also reported not needing reminders or help with personal care, to take her medication, or to go places, she can handle money/bills, and she has no difficulty with memory, concentration, following instructions, and getting along with others, although she also wrote she has some difficulties with memory and instructions.  Tr. 349-52. Plaintiff contends the ALJ erred because her activities are not inconsistent with her allegations, as the cited activities primarily take place in her home.  ECF No. 16 at 13-14.  However, the ALJ pointed to multiple activities that took place outside of Plaintiff's home.  Further, any error in the ALJ's consideration of Plaintiff's symptom claims is harmless as the ALJ gave other clear and convincing reasons, supported by substantial evidence, to reject Plaintiff's symptom claims.  *See Molina,* 674 F.3d at 1115.  Plaintiff is not entitled to remand on these grounds.

ORDER - 17

1    **B. Medical Opinion Evidence**

2       Plaintiff contends the ALJ erred by rejecting the medical opinions of

3    Jennifer Gindt, ARNP, and Patrick Metoyer, Ph.D.  ECF No. 16 at 14-21.

4       As an initial matter, for claims filed on or after March 27, 2017, new

5    regulations apply that change the framework for how an ALJ must evaluate

6    medical opinion evidence.  *Revisions to Rules Regarding the Evaluation of*

7    *Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20

8    C.F.R. §§ 404.1520c, 416.920c.  The new regulations provide that the ALJ will no

9    longer "give any specific evidentiary weight…to any medical

10   opinion(s)…"  *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-

11   68; *see* 20 C.F.R. §§ 404.1520c(a), 416.920c(a).  Instead, an ALJ must consider

12   and evaluate the persuasiveness of all medical opinions or prior administrative

13   medical findings from medical sources.  20 C.F.R. §§ 404.1520c(a) and (b),

14   416.920c(a) and (b).  The factors for evaluating the persuasiveness of medical

15   opinions and prior administrative medical findings include supportability,

16   consistency, relationship with the claimant (including length of the treatment,

17   frequency of examinations, purpose of the treatment, extent of the treatment, and

18   the existence of an examination), specialization, and "other factors that tend to

19   support or contradict a medical opinion or prior administrative medical finding"

20   (including, but not limited to, "evidence showing a medical source has familiarity

with the other evidence in the claim or an understanding of our disability

program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-

(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore

the ALJ is required to explain how both factors were considered. 20 C.F.R. §§

404.1520c(b)(2), 416.920c(b)(2). Supportability and consistency are explained in

the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence
> and supporting explanations presented by a medical source are to
> support his or her medical opinion(s) or prior administrative
> medical finding(s), the more persuasive the medical opinions or
> prior administrative medical finding(s) will be.

> (2) *Consistency.* The more consistent a medical opinion(s) or prior
> administrative medical finding(s) is with the evidence from other
> medical sources and nonmedical sources in the claim, the more
> persuasive the medical opinion(s) or prior administrative medical
> finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2). The ALJ may, but is not

required to, explain how the other factors were considered. 20 C.F.R. §§

404.1520c(b)(2), 416.920c(b)(2). However, when two or more medical opinions

or prior administrative findings "about the same issue are both equally well-

supported ... and consistent with the record ... but are not exactly the same," the

ALJ is required to explain how "the other most persuasive factors in paragraphs

ORDER - 19

(c)(3) through (c)(5)" were considered.  20 C.F.R. §§ 404.1520c(b)(3),

416.920c(b)(3).

The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the amended regulations, specifically whether the "clear and convincing" and "specific and legitimate" standards still apply.  ECF No. 16 at 15-16; ECF No. 18 at 11-14.  "It remains to be seen whether the new regulations will meaningfully change how the Ninth Circuit determines the adequacy of [an] ALJ's reasoning and whether the Ninth Circuit will continue to require that an ALJ provide 'clear and convincing' or 'specific and legitimate reasons' in the analysis of medical opinions, or some variation of those standards."  *Gary T. v. Saul*, No. EDCV 19-1066-KS, 2020 WL 3510871, at *3 (C.D. Cal. June 29, 2020) (citing *Patricia F. v. Saul*, No. C19-5590-MAT, 2020 WL 1812233, at *3 (W.D. Wash. Apr. 9, 2020)).  "Nevertheless, the Court is mindful that it must defer to the new regulations, even where they conflict with prior judicial precedent, unless the prior judicial construction 'follows from the unambiguous terms of the statute and thus leaves no room for agency discretion.'"  *Gary T.,* 2020 WL 3510871, at *3 (citing *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Services*, 545 U.S. 967, 981-82 (2005); *Schisler v. Sullivan*, 3 F.3d 563, 567-58 (2d Cir. 1993) ("New regulations at variance with prior judicial precedents are upheld

ORDER - 20

unless 'they exceeded the Secretary's authority [or] are arbitrary and capricious.'").

There is not a consensus among the district courts as to whether the "clear and convincing" and "specific and legitimate" standards continue to apply. *See, e.g.*, *Kathleen G. v. Comm'r of Soc. Sec.*, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (applying the specific and legitimate standard under the new regulations); *Timothy Mitchell B., v. Kijakazi*, 2021 WL 3568209, at *5 (C.D. Cal. Aug. 11, 2021) (stating the court defers to the new regulations); *Agans v. Saul*, 2021 WL 1388610, at *7 (E.D. Cal. Apr. 13, 2021) (concluding that the new regulations displace the treating physician rule and the new regulations control); *Madison L. v. Kijakazi*, No. 20-CV-06417-TSH, 2021 WL 3885949, at *4-6 (N.D. Cal. Aug. 31, 2021) (applying only the new regulations and not the specific and legitimate nor clear and convincing standard). For the sake of consistency in this District, the Court adopts the rationale and holding articulated on the issue in *Emilie K. v. Saul*, No. 2:20-cv-00079-SMJ, 2021 WL 864869, *3-4 (E.D. Wash. Mar. 8, 2021), *appeal docketed*, No. 21-35360 (9th Cir. May 10, 2021). In *Emilie K.*, this Court held that the ALJ did not err in applying the new regulations over Ninth Circuit precedent, because the result did not contravene the Administrative Procedure Act's requirement that decisions include a statement of "findings and conclusions, and the reasons or basis therefor, on all the material issues of fact,

ORDER - 21

law, or discretion presented on the record." *Id.* at *4 (citing 5 U.S.C. § 557(c)(A)).

This rationale has been adopted in other cases with this Court. *See, e.g., Jeremiah F. v. Kijakazi*, No. 2:20-CV-00367-SAB, 2021 WL 4071863, at *5 (E.D. Wash. Sept. 7, 2021). Nevertheless, it is not clear that the Court's analysis in this matter would differ in any significant respect under the specific and legitimate standard set forth in *Lester*, 81 F.3d at 830-31.

### 1. Ms. Gindt

On August 27, 2019, Ms. Gindt, a treating nurse practitioner, rendered an opinion on Plaintiff's functioning. Tr. 619-21. Ms. Gindt diagnosed Plaintiff with fibromyalgia, major depressive disorder, hypertension, and positive rheumatoid factor. Tr. 619. She opined Plaintiff would miss four or more days per month if she tried to work full-time, Plaintiff is limited to sedentary work, and Plaintiff can occasionally handle and never reach bilaterally. Tr. 619-21. The ALJ found Ms. Gindt's opinion was not persuasive. Tr. 26.

First, the ALJ found Ms. Gindt's opinion lacks citations to objective medical evidence and any specific rationale for the opinion. *Id.* Supportability is one of the most important factors an ALJ must consider when determining how persuasive a medical opinion is. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The more relevant objective evidence and supporting explanations that support a medical opinion, the more persuasive the medical opinion is. 20 C.F.R. §§

ORDER - 22

404.1520c(c)(1), 416.920c(c)(1).  Ms. Gindt stated Plaintiff's pain and depression issues would cause her to miss four or more days per month, and listed Plaintiff's diagnoses and symptoms.  Tr. 619-20.  The only clinical signs Ms. Gindt listed were labile mood, anxiety, and recent weight loss, and she stated Plaintiff was not currently receiving any treatment for pain, though she had a referral to pain management.  Tr. 619.  The questionnaire does not contain any citations to records, clinical signs related to physical limitations, nor an explanation for the limitations to sedentary work or manipulative limitations beyond stating that Plaintiff has pain.  Tr. 619-21.  The ALJ's finding that Ms. Gindt's opinion lacks supporting explanation and citations is supported by substantial evidence.

Second, the ALJ found Ms. Gindt's opinion was internally inconsistent, as the opinion states Plaintiff is limited by her pain, yet she is not on pain medication.  Tr. 26.  The more relevant supporting explanations that support a medical opinion, the more persuasive the medical opinion is.  20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).  Plaintiff contends the opinion is not internally inconsistent, because pain medications were deemed to not be appropriate for treating Plaintiff's fibromyalgia, and Plaintiff did not have access to pain medications from her primary care physician to treat her other conditions, due to violating her pain contract.  ECF No. 16 at 18 (citing Tr. 481, 535, 715).  Plaintiff was not receiving any treatment for her pain at the time of Ms. Gindt's opinion.  Tr. 619.  However,

ORDER - 23

the ALJ did not consider Plaintiff's lack of any treatment for her pain, but rather only found an inconsistency between Ms. Gindt's opinion and Plaintiff's lack of pain medication.  Tr. 26.  Plaintiff's medical records note that fibromyalgia is "typically not very responsive to other types of opioids long-term," and Plaintiff did not have much benefit from tramadol.  Tr. 481.  As such, a lack of treatment by pain medication is not inconsistent with Ms. Gindt's opinion.  However, this error is harmless as the ALJ gave other supported reasons to reject the opinion.  *See Molina,* 674 F.3d at 1115.

Third, the ALJ found Ms. Gindt's opinion was inconsistent with the objective medical evidence from other sources.  Tr. 26-27.  Consistency is one of the most important factors an ALJ must consider when determining how persuasive a medical opinion is.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  The more consistent an opinion is with the evidence from other sources, the more persuasive the opinion is.  20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).  The ALJ noted Plaintiff's physical examinations were generally normal.  Tr. 27.  The ALJ found Plaintiff had some abnormalities on examination, such as positive fibromyalgia tender points, Tr. 23 (citing Tr. 714), however Plaintiff generally had normal range of motion, sensation, strength, gait, and motor functioning, Tr. 23 (citing, e.g., Tr. 407, 414, 421, 446-47, 458).

1    Plaintiff offers an alternative interpretation of the evidence and argues Ms.

2   Gindt's opinion is consistent with the records that demonstrate Plaintiff had an

3   antalgic gait, reduced strength and tone, a positive straight leg raise, and imaging

4   documenting abnormalities.  ECF No. 16 at 19 (citing Tr. 449, 488, 515-16, 545).

5   Plaintiff also had a normal gait, strength, and tone, and negative straight leg raise

6   tests at multiple examinations.  Tr. 447, 518-19, 523, 536, 557, 682, 714, 768, 771.

7   While Plaintiff disagrees with the ALJ's interpretation of the evidence, the Court

8   may not reverse the ALJ's decision based on Plaintiff's disagreement with the

9   ALJ's interpretation of the record.  *See Tommasetti*, 533 F.3d at 1038 ("[W]hen the

10  evidence is susceptible to more than one rational interpretation" the court will not

11  reverse the ALJ's decision).  The ALJ's finding that Ms. Gindt's opinion is

12  inconsistent with the objective evidence is supported by substantial evidence.

13      *2.  Dr. Metoyer*

14      On June 23, 2018, Dr. Metoyer conducted a psychological consultative

15  examination and rendered an opinion on Plaintiff's functioning.  Tr. 452-56.  Dr.

16  Metoyer diagnosed Plaintiff with panic disorder and major depressive disorder,

17  recurrent moderate.  Tr. 455.  Dr. Metoyer opined Plaintiff's remote memory is

18  mildly impaired; her ability to interact with coworkers and the public is likely

19  mildly impaired; her ability to maintain regular attendance in the workplace is

20  mildly to moderately impaired; and her ability to deal with the usual stress

1  encountered in the workplace is mildly to moderately impaired if it involves

2  persistent activity, complex tasks, task pressure, or interacting with others.  Tr.

3  455-56.  The ALJ found Dr. Metoyer's opinion was less persuasive than the State

4  agency opinions.  Tr. 27.

5      The ALJ found Dr. Metoyer's opinion did not define mild or moderate in

6  terms of vocationally specific limitations that reflect the most Plaintiff is capable

7  of mentally performing.  *Id.*  The more relevant supporting explanations that

8  support a medical opinion, the more persuasive the medical opinion is.  20 C.F.R.

9  §§ 404.1520c(c)(1), 416.920c(c)(1).  Furthermore, an ALJ may reject an opinion

10  that does "not show how [a claimant's] symptoms translate into specific functional

11  deficits which preclude work activity."  *See Morgan v. Comm'r of Soc. Sec.*

12  *Admin.,* 169 F.3d 595, 601 (9th Cir. 1999).

13      Dr. Metoyer opined that Plaintiff was "likely" mildly impaired in one area of

14  functioning, and mildly to moderately impaired in multiple areas.  Tr. 455-56.

15  However, the ALJ did not set forth an explanation as to how the entirety of Dr.

16  Metoyer's opinion does not reflect the most Plaintiff is capable of performing, and

17  mild and moderate limitations are clearly defined limitations.  Tr. 27, *see* 20 C.F.R.

18  §§ 404.1520a(c)(4), 416.920a(c)(4).  Any error in rejecting Dr. Metoyer's opinion

19  as not reflecting the most Plaintiff can do in terms of vocationally specific

20  limitations is harmless, for the reasons discussed *infra.*

ORDER - 26

1    Second, the ALJ found the State agency consultants' opinions were more

2  persuasive than Dr. Metoyer's opinion.  Tr. 27.  Consistency is one of the most

3  important factors an ALJ must consider when determining how persuasive a

4  medical opinion is.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  The more

5  consistent an opinion is with the evidence from other sources, the more persuasive

6  the opinion is.  20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).  The State agency

7  consultants, Dr. Horn and Dr. Lewis, opined Plaintiff has moderate limitations in

8  her ability to carry out detailed instructions, maintain attention/concentration for

9  extended periods, and interact appropriate with the general public; Plaintiff's

10  symptoms would be expected to cause some periods of slowed pace and lapses in

11  concentration on more complex/detailed tasks, but she could carry out simple one

12  to three-step instructions, maintain concentration, persistence, and pace for up to

13  two hours continuously, and maintain adequate attendance; she could have

14  superficial social interactions with others and accept supervision; and she

15  otherwise did not have limitations due to her mental health symptoms.  Tr. 27, 98-

16  99, 133-35.

17    The ALJ found the State agency consultants' opinions were more consistent

18  with the record than Dr. Metoyer's opinion.  Tr. 27.  The ALJ noted Dr. Horn and

19  Dr. Lewis had the opportunity to review a significant portion of the record, they

20  cited to evidence to support their opinions, and their opinions were generally

ORDER - 27

consistent with the record.  *Id.*  The ALJ noted Plaintiff's treatment records

generally documented normal mood, affect, speech, judgment, insight, attention,

concentration, memory, and fund of knowledge.  Tr. 24 (citing, e.g., Tr. 407, 455-

56, 557, 560, 564).  Plaintiff also reported improvement with treatment.  Tr. 24

(citing, e.g., Tr. 759, 767).  The ALJ reasonably found the State agency

consultants' opinions were more persuasive than Dr. Metoyer's opinion.

Further, any error in rejecting Dr. Metoyer's opinion is harmless, as Plaintiff

has not demonstrated any harm in the rejection of the opinion.  Dr. Metoyer opined

that Plaintiff has only mild to moderate limitations.  Tr. 455-56.  Plaintiff argues

Dr. Metoyer's opinion supports a conclusion that Plaintiff would have more than

six absences per year and would be off task more than 10 percent of the time.  ECF

No. 16 at 20.  However, Plaintiff's argument is not supported by Dr. Metoyer's

opinion that Plaintiff has only mild to moderate limitations in her ability to

maintain attendance, and his opinion that Plaintiff's concentration/persistence is

adequate.  Tr. 455-56.  The State agency consultants found Dr. Metoyer's opinion

was supported by the evidence and consistent with record, and found the opinion

was not disabling, as they incorporated some of the mild to moderate limitations

into the RFC and found Plaintiff was not disabled.  Tr. 96-101, 131-36.  Further,

marked and extreme limitations are typically disabling limitations, while mild and

moderate limitations are typically not disabling.  *See* 20 C.F.R. §§ 404.1520a(c)(4),

ORDER - 28

(d)(1), 416.920a(c)(4), (d)(1); 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00F2.  As such, any error in rejecting Dr. Metoyer's opinion is harmless.  Plaintiff is not entitled to remand on these grounds.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. The District Court Executive is directed to substitute Kilolo Kijakazi as Defendant and update the docket sheet.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

3. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

4. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED December 10, 2021.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 29